1  WILLIAM E. RIDGWAY (SBN 247529) (*admission pending*)
   william.ridgway@skadden.com
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   155 N. Upper Wacker Dr.
3  Chicago, Illinois 60606
   Telephone: (312) 407-0700
4  Facsimile: (312) 407-0411

5  CAROLINE VAN NESS (SBN 281675)
   caroline.vanness@skadden.com
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   525 University Avenue, Suite 1400
7  Palo Alto, California 94301
   Telephone: (650) 470-4500
8  Facsimile: (650) 470-4570

9  Attorneys for Defendants
   FLAGSTAR BANCORP, INC. and
10 FLAGSTAR BANK, FSB

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAVENAZ SAFAI, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>FLAGSTAR BANKCORP, INC.; FLAGSTAR BANK, FSB; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No.: 8:23-CV-00165<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BY DEFENDANTS FLAGSTAR BANCORP, INC. AND FLAGSTAR BANK, FSB**<br><br>**Complaint Filed:** June 27, 2022<br><br>**Amended Complaint Filed:** October 26, 2022 |

TO THE CLERK OF THE COURT AND TO PLAINTIFF SARVENAZ SAFAI AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Flagstar Bancorp, Inc. and Flagstar Bank, FSB (together, "Flagstar") hereby remove—with reservation of all defenses and rights—the above-captioned action from the Superior Court of California for the County of Orange to the United States District Court for the Central District of California. This Court has original jurisdiction over the action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), for the reasons stated below.

## PROCEDURAL HISTORY

1. On June 27, 2022, Plaintiff Sarvenaz Safai ("Plaintiff") filed a complaint (the "Complaint"), on behalf of herself and a putative class of California residents, against Flagstar and 50 unidentified individuals, in the Superior Court of California for the County of Orange ("Superior Court"). Ex. A. The action is captioned *Saravenaz Safai v. Flagstar Bankcorp, Inc., Flagstar Bank, FSB, and Does 1-50, Inclusive*, Case No. 30-2022-01266908-CU-NP-CXC.

2. On August 3, 2022, the Superior Court issued a minute order setting a Status Conference for November 4, 2022. Ex. B.

3. On October 26, 2022, Plaintiff filed an amended complaint (the "Amended Complaint"). Ex. C.

4. On October 28, 2022, Plaintiff filed an initial case management statement. Ex. D. Because "Defendants ha[d] not yet formally been served with the Summons and operative First Amended Complaint," Plaintiff requested "that the Court grant a forty-five (45) day continuance of the Initial Status Conference in order to allow Plaintiff to effectuate service upon Defendants." *Id.* at 3.

5. On November 1, 2022, the Superior Court issued an order continuing the Status Conference to February 10, 2023. *See Sarvenaz Safai v. Flagstar Bancorp,*

*Inc.*, No. 30-2022-01266908-CU-NP-CXC (Cal. Super. Ct., June 27, 2022), Dkt. 16; Ex. E.

6. On December 27, 2022, Plaintiff served Flagstar with a summons, Complaint, notice pursuant to Cal. Civ. Code § 1798.150(b)(1), minute order of the Superior Court of California, County of Orange, dated August 3, 2022, civil case cover sheet, minute order of the Superior Court of California, County of Orange, dated November 1, 2022, and Amended Complaint. True and correct copies of these documents and all process, pleadings, and orders served on Flagstar in the action to date are attached as Exhibits F.1–F.7.

7. There have been no further proceedings in this action in the Superior Court.

8. This Notice of Removal is timely because it has been filed within thirty (30) days of service of the Summons and Amended Complaint upon Flagstar. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("[I]f the complaint is filed in court prior to any service, the removal period runs from the service of the summons.").

## BACKGROUND

9. This action arises out of a December 2021 cyber incident involving unauthorized access to Flagstar's network (the "Cyber Incident"). Ex. F.7, Am. Compl. ¶ 2. On June 2, 2022, Flagstar learned that during the Cyber Incident, certain impacted files containing personal information were accessed and/or acquired from its network. *Id.* Shortly thereafter, Flagstar sent notices to individuals whose personal information was contained in one or more of the impacted files, including over 100 individuals with California addresses. Ex. F.7, Am. Compl. ¶ 12; Declaration of William E. Ridgway ("Ridgway Decl.") ¶ 2.

10. Plaintiff states that she is a resident of California who received a notice from Flagstar dated June 16, 2022, informing her that her personal information was contained in one or more of the impacted files. Ex. F.7, Am. Compl. ¶ 12. Plaintiff

purports to bring this action, pursuant to Cal. Code Civ. Proc. § 382, on behalf of herself and a putative class of "[a]ll California residents who Flagstar and/or its agents sent a 'Notice of Data Breach' letter informing them their personally identifiable information (PII) was subjected to the Data Breach." *Id.* ¶¶ 6, 71. While Plaintiff asserts that "the exact number of Class members is unknown," she claims that "reports estimate the breach to include over 1.5 million customers," such that "the Class is so numerous that joinder of all members is impractical." *Id.* ¶ 74

11. Plaintiff asserts claims under the California Consumer Privacy Act of 2018, Cal Civ. Code. §§ 179.100 *et seq.* ("CCPA"), California's Unfair Competition Law, Cal Bus. & Prof. Code. §§ 17200 *et seq.* ("UCL"), and for breach of contract.

12. At the time Plaintiff filed her original Complaint, three other actions relating to the Cyber Incident were pending against Flagstar in the United States District Court for the Eastern District of Michigan, including the first-filed *Angus v. Flagstar Bank, FSB*, No. 4:22-cv-11385-SDK-KGA (E.D. Mich. filed June 22, 2022). Additional related actions have since been filed and the total of nineteen related actions have been consolidated into the first-filed case in the Eastern District of Michigan, including one that was transferred from the Northern District of California, *Valeriano Saucedo v. Flagstar Bank, FSB*, No. 2:22-cv-12711-MFL-CI. Ridgway Decl. ¶ 3.

## I. THIS COURT HAS ORIGINAL DIVERSITY JURISDICTION OVER THE REMOVED ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

13. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has original diversity jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d).

14. CAFA applies "to any class action before or after the entry of a class certification by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This action is a putative "class action" under CAFA because it is brought pursuant to California Code of Civil Procedure § 382, and therefore is a "civil action filed

under . . . [a] State statute or rule . . . authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B); *see also* Ex. F.7, Am. Compl. ¶ 6.

15. CAFA extends a federal district court's original diversity jurisdiction to any putative "class action" in which: (1) the number of all putative class members is 100 or more; (2) the amount in controversy exceeds $5,000,000, exclusive of interests and costs; and (3) any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6). These conditions are satisfied here.

### A. The Putative Class Exceeds 100 Members

16. First, this action meets CAFA's requirement that the putative class exceed 100 members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff's putative class is described as "[a]ll California residents who Flagstar and/or its agents sent a 'Notice of Data Breach' letter informing them their personally identifiable information (PII) was subjected to the Data Breach." Ex. F.7, Am. Compl. ¶ 71.

17. While Plaintiff does not allege the number of putative class members, Flagstar sent notices to over 100 individuals residing in California informing them that their personal information was contained in one or more of the impacted files. Ridgway Decl. ¶ 2. Accordingly, CAFA's requirement that the putative class action exceed 100 members is satisfied.

### B. The Amount in Controversy Exceeds $5,000,000

18. Second, while Flagstar does not concede and expressly denies that Plaintiff or members of the putative class are entitled to the damages sought in this action, for jurisdictional purposes CAFA's amount in controversy requirement is satisfied. *See, e.g.*, *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("[T]he amount in controversy is the 'amount *at stake* in the underlying litigation' . . . [it] does not mean likely or probable liability; rather, it refers to possible liability." (citation omitted)). In assessing the amount in controversy, the

Court "assume[s] that the allegations in the complaint are true and assume[s] that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (internal quotation marks and citation omitted). Where, as here, one of the claims asserted authorizes statutory damages, "courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy is met." *Gershfield v. TeamViewer, Inc.*, 2021 WL 839158, at *2 (C.D. Cal. Mar. 4, 2021) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)).

19.   Plaintiff, in her prayer for relief, requests (i) actual and punitive damages; (ii) statutory damages; (iii) equitable relief, including restitution; (iv) appropriate injunctive relief; (v) attorneys' fees and litigation expenses; (vi) costs of suit; (vii) pre- and post-judgment interest; and (viii) any such other and further relief the Court deems just and proper. Ex. F.7, Am. Compl. Prayer for Relief. With respect to the CCPA claim, Plaintiff specifically requests "statutory damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident, or actual damages, whichever is greater." *Id.* ¶ 90. According to Plaintiff's allegations, given the number of potential putative class members, the amount in controversy based on Plaintiff's demand exceeds CAFA's $5,000,000 threshold. *Id.* ¶ 74.

### C.   Minimal Diversity Exists

20.   Third, minimal diversity exists between Flagstar and the members of the putative class. Under CAFA, diversity of citizenship is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

21.   On December 1, 2022, Flagstar Bancorp, Inc. merged with and into New York Community Bancorp, Inc. *See* Ridgway Decl. ¶ 4, Ex. 3. Flagstar Bank, FSB now operates as Flagstar Bank, N.A. *See id*. New York Community Bancorp,

Inc. is incorporated in Delaware with headquarters in Hicksville, New York. New York Community Bancorp, Inc. is therefore considered a citizen of Delaware and New York for purposes of determining diversity. *See id.* Flagstar Bank, N.A. is headquartered in Troy, Michigan, and is therefore a citizen of Michigan for purposes of determining diversity.

22. The citizenship of defendants sued under fictious names—like Does 1-50 here—are disregarded for determining whether a civil action is removable. *See* 28 U.S.C.§ 1441(b)(1).

23. Plaintiff, a resident of California, is seeking to represent a putative class of California residents. Ex. F.7, Am. Compl. ¶¶ 9, 71. While a "person's state of citizenship is established by domicile, not simply residence," *King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 879 (9th Cir. 2013), "numerous courts treat a person's residence as prima facie evidence of the person's domicile." *Jimenez v. Charter Commc'ns Inc.*, 2018 WL 5118492, at *3 (C.D. Cal. Oct. 19, 2018) (quoting *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013)). Accordingly, CAFA's minimal diversity requirement is satisfied. *See id.* ("[W]here, as here, Plaintiff has admitted she is a California resident and is bringing claims on behalf of a putative class of California consumers . . . Plaintiff is considered a citizen of California for federal diversity purposes.").

### D. No Exception to CAFA Applies

24. While CAFA contains certain exceptions, which, where applicable, permit or require a district court to decline to exercise jurisdiction, these exceptions do not impose additional jurisdictional requirements. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007) ("[T]he provisions set forth in §§ 1332(d)(3) and (4) are not part of the prima facie case for establishing minimal diversity jurisdiction under CAFA, but, instead, are exceptions to jurisdiction."). Rather, it is Plaintiff's burden to demonstrate that an exception to CAFA applies. *Id.*

at 1023-24 (requiring the party seeking remand to demonstrate the applicability of the "home state" and "local controversy" exceptions to CAFA).

25. Nevertheless, Plaintiff will not be able to demonstrate that an exception to CAFA applies here because each exception requires that the primary defendant, or at least one defendant, is a citizen of the state in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(3) and (4). Because the only named defendants are citizens of Michigan, New York, and Delaware, not California, the CAFA exceptions do not apply.

## II.   THIS COURT IS THE PROPER VENUE

26. Removal to this judicial district is proper under 28 U.S.C § 1441(a) because it embraces the place where Plaintiff filed the action: Orange County, California. *See* 28 U.S.C. § 84(c)(3).

## III.   ALL PROCEDURAL REQUIREMENTS ARE SATISFIED

27. **All Process, Pleadings, and Orders Are Attached Hereto.** Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Flagstar in this action are attached hereto. *See* Exhibits F.1–F.7.

28. **No Consent to Removal Is Necessary.** While a class action "may be removed by any defendant without the consent of all defendants," 28 U.S.C. § 1453(b), the Flagstar entities are the only named defendants and both join in the removal of this action.

29. **Notice Is Being Provided Forthwith.** Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, the undersigned will promptly give written notice of such filing to Plaintiff through her counsel of record, and file a true and correct copy of this Notice of Removal and all documents attached hereto with the Clerk of the Superior Court of California for the County of Orange.

**WHEREFORE**, Flagstar hereby removes the above-captioned action from the Superior Court of California for the County of Orange and requests that further proceedings be conducted in this Court as provided by law.

| | |
|---|---|
| DATED: January 26, 2023 | Respectfully submitted, |
| | By: */s/ Caroline Van Ness* |
| | WILLIAM E. RIDGWAY (SBN 247529)<br>william.ridgway@skadden.com<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>155 N. Upper Wacker Dr.<br>Chicago, Illinois 60606<br>Telephone: (312) 407-0700<br>Facsimile: (312) 407-0411 |
| | CAROLINE VAN NESS (SBN 281675)<br>caroline.vanness@skadden.com<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>525 University Avenue, Suite 1400<br>Palo Alto, California 94301<br>Telephone: (650) 470-4500<br>Facsimile: (650) 470-4570 |
| | *Attorneys for Defendants Flagstar Bancorp, Inc. and Flagstar Bank, FSB* |